**IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

| | |
|---|---|
| BCS SERVICES, INC., and PHOENIX BOND & INDEMNITY COMPANY, <br><br> Plaintiffs-Appellees, <br><br> Nos. 12-3235, 12-3241, 12-3281, 12-3292, 13-1052, 13-1055, 13-1056, 13-1060, 13-1433, 13-1435, 13-1449, and 13-1450 <br><br> v. <br><br> BG INVESTMENTS, INC., et al. and MD SASS INVESTORS SERVICES, INC., et al., <br><br> Defendants-Appellants. | ) ) ) ) Appeals from the U.S. District Court for ) the Northern District of Illinois, Eastern ) Division ) ) ) Case No. 05 C 4095 ) Case No. 07 C 1367 ) ) Matthew F. Kennelly, Judge ) ) ) ) ) ) ) |

**APPELLEES' THIRD UNOPPOSED MOTION TO REVISE THE
BRIEFING SCHEDULE AND FIRST MOTION FOR ADDITIONAL WORDS**

Plaintiffs-Appellees Phoenix Bond & Indemnity Company and BCS Services, Inc. (collectively "Appellees"), by their attorneys, respectfully move this Court for an order (1) revising the modified briefing schedule in this consolidated appeal such that Appellees' brief is due on or before June 3, 2013 and Appellants' reply briefs, if any, are due on or before June 26, 2013[1] and (2) granting Appellees leave to file a brief not in excess of 28,000 words. In support of this unopposed motion, Appellees state as follows:

1. This consolidated appeal now consists of twelve separate appeals that all arise out of two consolidated district court cases. Appellants initiated the first set of these appeals by filing four notices of appeal on October 1 and 4, 2012 seeking review of the district court's denial of motions they brought pursuant to Federal Rule of Civil Procedure 50. After the district

---

[1] Appellees intend to file a single brief that responds to the two briefs filed by Appellants.

{00271793 2}

court resolved Appellees' fee petition, Appellants filed four additional notices of appeal on January 9, 2013, seeking review of the district court's award of fees and costs to Appellees. Finally, after the Court granted a request for limited remand to enable the district court to correct the fee and cost award and the district court then corrected its award, Appellants filed amended notices of appeal on February 27 and 28, 2013.

2.  After the first two notices of appeal were filed by the BG Defendants on October 1, 2012, the Court consolidated two of the four appeals and set November 13, 2012 as the due date for Appellants' briefs. (Dkt. 2.) That was modified on October 9, 2012, when the Court consolidated the two appeals initiated by the Sass Defendants with those initiated by the BG Defendants and ordered that Appellants to file their initial briefs by November 14, 2012. (Dkt. 4.) On October 25, 2012, Appellants asked the Court to extend the initial due date for their opening brief by 75 days. (Dkt. 15.) The Court granted that request, ordering Appellants' brief due on or before January 29, 2013. (Dkt. 16.)

3.  After Appellants filed the notices of appeal seeking review of the district court's award of fees and costs, the Court consolidated those appeals with the four already pending (and consolidated) appeals. (Dkt. 43.) In the order dated January 9, 2013 that consolidated the appeals, the Court extended the due date for Appellants' brief from January 29, 2013 to February 19, 2013. (Dkt. 43.) In response to a request from all parties, on January 14, 2013, the Court further extended the due date for Appellants to February 28, 2013. (Dkt 48.) At the same time, the Court granted the first extension of the date for Appellees' brief, setting its due date for April 11, 2013—six, rather than four, weeks after the date for Appellants' brief.

4.  That schedule was modified on January 25, 2013, when the Court entered a revised schedule to accommodate a February 12, 2013 settlement conference. Under that revised

briefing schedule, the due date for Appellants' brief was March 12, 2013, while the date for Appellees' brief remained April 11, 2013. (Dkt. 56.) After Appellees moved to modify that schedule to restore the six weeks between Appellants' and Appellees' briefs, that schedule was modified to make Appellees' brief due April 23, 2013. (Dkt. 66.)

5. Because the district court's fee and cost award contained arithmetic errors, Appellants obtained a limited remand to enable the district court to correct those errors. After the district court corrected its award, Appellants filed amended notices of appeal that resulted in further modifications to the briefing schedule, pushing the due date for their briefs back by fifteen days, to March 27, 2013. (Dkt. 76.) The revised schedule, though, again set the due date for Appellees' brief for four, rather than six, weeks after the date for Appellants to file their briefs. (Dkt. 76.) As a result, Appellees again requested that the schedule be revised to restore the six weeks between Appellants' and their briefs, and the Court again granted that request, setting May 8, 2013 as the due date for Appellees to file their brief and May 22, 2013 for Appellants to file their reply briefs, if any. (Dkt. 79.)

6. On March 11, 2013, BCS Services Inc.'s counsel Richard Prendergast filed an appearance in these appeals. (Dkt. 81; Prendergast Aff. ¶ 2.)

7. On March 27, 2013, Appellants filed their briefs. Appellants' briefs total over 25,500 words and between them raise twelve challenges to the district court's rulings. (Dkt. 92 and 93-1.)

8. Due to the complexity of this consolidated appeal, Appellees now believe that additional time will be necessary for them to adequately prepare the single, consolidated brief they intend to file in response to Appellants' briefs. This consolidated appeal is the culmination of a litigation that is now more than seven-years old and has previously been appealed to this

Court twice and the United States Supreme Court once. After the second of the appeals to the Court, the case was returned to the district court for a trial that lasted four weeks, resulting in jury verdicts against Appellants. The record that resulted is sizeable and complex—including sixteen days of transcripts and 1,114 admitted trial exhibits—and that fact complicates the work that Appellees must now do. (Affidavit of Max A. Stein ("Stein Aff.") ¶ 9, attached as Exhibit 1; Affidavit of Richard J. Prendergast ("Prendergast Aff.") ¶ 4, attached as Exhibit 2.)

9.     Further, Appellants have now raised twelve separate challenges to the district court's rulings. Those issues relate to the district court's handling of the trial itself, its rulings on Appellants' post-trial motions, and its rulings on Appellees' request to recover the fees and costs. (Dkt. 92 and 93-1.) While Appellees previously obtained an additional two weeks to prepare their brief, Appellees now realize that responding to these twelve issues requires even more time and attention than originally anticipated. (Stein Aff. ¶ 10; Prendergast Aff. ¶ 5.)

10.    As a result, Appellees now request additional time to complete their brief because, even exercising appropriate diligence and giving priority to it, they are concerned that the complexity of the record and issues involved in this consolidated appeal and the fact that counsel for BCS was only recently engaged and was not involved in the trial mean that they otherwise will not have sufficient time to adequately complete their response by May 8, 2013, the current due date for their filing. (Stein Aff ¶ 11; Prendergast Aff. ¶ 6.)

11.    Lead counsel for the Sass Defendants has already advised the Court that he is going to be out of the country from May 28, 2013 to June 11, 2013. In light of that, Appellees propose that their brief be due on or before June 3, 2013 and that Appellants' reply briefs be due on or before June 26, 2013. (Stein Aff. ¶¶ 12-13; Prendergast Aff. ¶¶ 7-8.)

12. Additionally, Appellees seek leave to file a brief that is not in excess of 28,000 words. The Court granted Appellants' requests to file briefs not in excess of 14,000 words each, thereby giving Appellants a total of 28,000 words. (Dkt. 91.) Appellees intend to file a single brief that responds to all of the issues raised in two briefs filed by Appellants, and now request leave for that single brief not to exceed 28,000 words. (Stein Aff. ¶ 14; Prendergast Aff. ¶ 9.)

13. Counsel for Appellants told counsel for Appellees that they have no objection to these requests. (Stein Aff. ¶ 15.)

WHEREFORE, Appellees respectfully request that the Court enter an order:

1. Modifying the briefing schedule in this consolidated appeal be modified so that

    a. Appellees' brief be due on or before June 3, 2013, and

    b. Appellants' reply briefs, if any, be due on or before June 26, 2013;

2. Granting Appellees leave to file a brief not in excess of 28,000 words; and

3. Granting such further relief as the Court deems appropriate.

Dated: April 18, 2013　　　　　　　　　　　　Respectfully submitted,

PHOENIX BOND & INDEMNITY CO.

By: ___/s/ Jonathan S. Quinn___

Jonathan S. Quinn
NEAL, GERBER, & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
(312) 269-8093
jquinn@ngelaw.com

By: ___/s/ Max A. Stein___

Max A. Stein
BOODELL & DOMANSKIS LLC
353 North Clark Street, Suite 1800
Chicago, IL 60654
(312) 938-4070
mstein@boodlaw.com

BCS SERVICES, INC.

By:   /s/  Richard J. Prendergast

Richard J. Prendergast
RICHARD J. PRENDERGAST, LTD.
111 W. Washington Street, Suite Suite 1100
Chicago, IL 60602-0000
(312) 641-0881
rprendergast@rjpltd.com


By:   /s/  Thomas M. Levinson

Lowell E. Sachnoff
Michael D. Richman
Thomas M. Levinson
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606
(312) 207-1000
tlevinson@reedsmith.com

{00271793-2}


BCS SERVICES, INC.

By:   /s/  Richard J. Prendergast

Richard J. Prendergast
RICHARD J. PRENDERGAST, LTD.
111 W. Washington Street, Suite Suite 1100
Chicago, IL 60602-0000
(312) 641-0881
rprendergast@rjpltd.com


By:   /s/  Thomas M. Levinson

Lowell E. Sachnoff
Michael D. Richman
Thomas M. Levinson
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606
(312) 207-1000
tlevinson@reedsmith.com

{00271793-2}

## CERTIFICATE OF SERVICE

I, Max A. Stein, hereby state that on April 18, 2013, I electronically filed the foregoing APPELLEES' THIRD UNOPPOSED MOTION TO REVISE THE BRIEFING SCHEDULE AND FIRST MOTION FOR ADDITIONAL WORDS with the Clerk of the Court using the ECF system, which will send notification to all parties.

By:    /s/ Max A. Stein

Max A. Stein
BOODELL & DOMANSKIS LLC
353 North Clark Street, Suite 1800
Chicago, IL 60654
(312) 938-4070
mstein@boodlaw.com

# EXHIBIT 1

{00271793 2}

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | |
|---|---|
| BCS SERVICES, INC., and PHOENIX BOND & INDEMNITY COMPANY,  )<br><br>Plaintiffs-Appellees,  )<br><br>Nos. 12-3235, 12-3241, 12-3281, 12-3292, 13-1052, 13-1055, 13-1056, 13-1060, 13-1433, 13-1435, 13-1449, and 13-1450  )<br><br>v.  )<br><br>BG INVESTMENTS, INC., et al. and MD SASS INVESTORS SERVICES, INC., et al.,  )<br><br>Defendants-Appellants.  ) | Appeals from the U.S. District Court for the Northern District of Illinois, Eastern Division<br><br>Case No. 05 C 4095<br>Case No. 07 C 1367<br><br>Matthew F. Kennelly, Judge |

**AFFIDAVIT OF MAX A. STEIN IN SUPPORT OF**
**APPELLEES' THIRD UNOPPOSED MOTION TO REVISE THE**
**BRIEFING SCHEDULE AND FIRST MOTION FOR ADDITIONAL WORDS**

Max A. Stein having been duly sworn if deposed, hereby states as follows:

1. I am member of the law firm of Boodell & Domanskis, LLC. I am licensed to practice law in Illinois and I am a member of the Bar of the United States Court of Appeals for the Seventh Circuit.

2. I represent Plaintiff-Appellee Phoenix Bond & Indemnity Company in this appeal. I submit this Affidavit in support of Appellees' Third Unopposed Motion to Revise the Briefing Schedule and First Motion for Additional Words.

3. This consolidated appeal consists of twelve separate appeals that all arise out of two consolidated district court cases: Appellants initiated the first group of appeals on October 1 and 4, 2012 seeking review of the district court's denial of motions they brought pursuant to

Federal Rule of Civil Procedure 50. Appellants initiated the second group of appeals on January 9, 2013, seeking review of the district court's award of fees and costs to Appellees. After the Court granted a request for limited remand to enable the district court to correct the fee and cost award and the district court corrected its award, Appellants filed amended notices of appeal on February 27 and 28, 2013 that resulted in the third group of appeals.

4. After the first two notices of appeal were filed by the BG Defendants on October 1, 2012, the Court consolidated two of the four appeals and set November 13, 2012 as the due date for Appellants' briefs. (Dkt. 2.) That was modified on October 9, 2012, when the Court consolidated the two appeals initiated by the Sass Defendants with those initiated by the BG Defendants and ordered that Appellants to file their initial briefs by November 14, 2012. (Dkt. 4.) On October 25, 2012, Appellants asked the Court to extend the initial due date for their opening brief by 75 days. (Dkt. 15.) The Court granted that request, ordering Appellants' brief due on or before January 29, 2013. (Dkt. 16.)

5. After Appellants filed the notices of appeal seeking review of the district court's award of fees and costs, the Court consolidated those appeals with the four already pending (and consolidated) appeals. (Dkt. 43.) In the order dated January 9, 2013 that consolidated the appeals, the Court extended the due date for Appellants' brief from January 29, 2013 to February 19, 2013. (Dkt. 43.) In response to a request from all parties, on January 14, 2013, the Court further extended the due date for Appellants to February 28, 2013. (Dkt 48.) At the same time, the Court granted the first extension of the date for Appellees' brief, setting its due date for April 11, 2013—six, rather than four, weeks after the date for Appellants' brief.

6. That schedule was modified on January 25, 2013, when the Court entered a revised schedule that accommodated a February 12, 2013 settlement conference. Under that

revised briefing schedule, the due date for Appellants' brief was March 12, 2013, while the date for Appellees' brief remained April 11, 2013. (Dkt. 56.) After Appellees moved to modify that schedule to restore the six weeks between Appellants' and Appellees' briefs, that schedule was modified to make Appellees' brief due April 23, 2013. (Dkt. 66.)

7. After this Court granted a limited remand and the district court corrected arithmetic errors in its fee and cost award, Appellants filed amended notices of appeal that resulted in further modifications to the briefing schedule, pushing the due date for their briefs back by fifteen days, to March 27, 2013. (Dkt. 76.) The revised schedule, though, again set the due date for Appellees' brief for four, rather than six, weeks after the date for Appellants to file their briefs. (Dkt. 76.) As a result, Appellees again requested that the schedule be revised to restore the six weeks between Appellants' and their briefs, and the Court again granted that request, setting May 8, 2013 as the due date for Appellees to file their brief and May 22, 2013 for Appellants to file their reply briefs, if any. (Dkt. 79.)

8. On March 27, 2013, Appellants filed their briefs. Appellants' briefs total over 25,500 words and between them raise twelve challenges to the district court's rulings. (Dkt. 92 and 93-1.)

9. Due to the complexity of this consolidated appeal, Appellees now believe that additional time will be necessary for them to adequately prepare the single, consolidated brief they intend to file in response to Appellants' briefs. This litigation is now more than seven-years old and has previously been appealed to this Court twice and the United States Supreme Court once. After the second of the appeals to the Court, the case was returned to the district court for a trial that lasted four weeks, resulting in the jury verdicts against Appellants. The record that

resulted is sizeable and complex, including sixteen days of transcripts and 1,114 admitted trial exhibits.

10. Further, Appellants have now raised twelve separate issues in their challenges to the district court's rulings. (Dkt. 92 and 93-1.) Those issue relate to the district court's handling of the trial itself, its rulings on Appellants' post-trial motions, and its rulings on Appellees' request to recover the fees and costs. Though Appellees knew their work on this appeal would be involved, and so previously obtained an additional two weeks to prepare their brief, Appellees now realize that responding to these twelve issues requires even more time and attention than originally anticipated.

11. In light of the the complexity of the record and issues involved in this consolidated appeal mean Appellees are concerned that that they will not have sufficient time to adequately complete their response by May 8, 2013, the current due date for their filing.

12. To allow sufficient time for their work, Appellees now propose an extension of the briefing schedule for this appeal that gives them sufficient time to properly complete their work and also considers issues related to the due date for Appellants' reply briefs. Specifically, lead counsel for the Sass Defendants has already advised the Court that he is going to be out of the country from May 28, 2013 to June 11, 2013.

13. Accordingly, Appellees propose that their brief be due on or before June 3, 2013 and that Appellants' reply briefs be due on or before June 26, 2013. This proposal is made in good faith and recognizes the priority that must be placed on matters before this Court.

14. Additionally, Appellees seek leave to file a brief that is not in excess of 28,000 words. The Court granted Appellants' requests to file briefs not in excess of 14,000 words each, thereby giving Appellants a total of 28,000 words. (Dkt. 91.) Appellees intend to file a single

brief that responds to all of the issues raised in two briefs filed by Appellants, and now request leave for that single brief not to exceed 28,000 words.

15. I communicated with lead counsel for Appellants and each told me that he had no objection to these requests.

I, Max A. Stein, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 18, 2013

# EXHIBIT 2

{00271793 2}

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| BCS SERVICES, INC., and PHOENIX BOND & INDEMNITY COMPANY,<br><br>Plaintiffs-Appellees,<br><br>Nos. 12-3235, 12-3241, 12-3281, 12-3292, 13-1052, 13-1055, 13-1056, 13-1060, 13-1433, 13-1435, 13-1449, and 13-1450<br><br>v.<br><br>BG INVESTMENTS, INC., et al. and MD SASS INVESTORS SERVICES, INC., et al.,<br><br>Defendants-Appellants. | Appeals from the U.S. District Court for the Northern District of Illinois, Eastern Division<br><br>Case No. 05 C 4095<br>Case No. 07 C 1367<br><br>Matthew F. Kennelly, Judge |

### AFFIDAVIT OF RICHARD J. PRENDERGAST IN SUPPORT OF APPELLEES' THIRD UNOPPOSED MOTION TO REVISE THE BRIEFING SCHEDULE AND FIRST MOTION FOR ADDITIONAL WORDS

Richard J. Prendergast, having been duly sworn if deposed, hereby states as follows:

1. I am the principal of Richard J. Prendergast, Ltd. I am licensed to practice law in Illinois and I am a member of the Bar of the United States Court of Appeals for the Seventh Circuit.

2. I have recently been engaged to represent Plaintiff-Appellee BCS Services, Inc. in this appeal. I submit this Affidavit in support of Appellees' Third Unopposed Motion to Revise the Briefing Schedule and First Motion for Additional Words.

3. On March 27, 2013, Appellants filed their briefs. Appellants' briefs total over 25,500 words and between them raise twelve challenges to the district court's rulings. (Dkt. 92 and 93-1.)

4.	Due to the complexity of this consolidated appeal, Appellees believe that additional time will be necessary for them to adequately prepare the single, consolidated brief they intend to file in response to Appellants' briefs. This litigation is now more than seven-years old and has previously been appealed to this Court twice and the United States Supreme Court once. After the second of the appeals to the Court, the case was returned to the district court for a trial that lasted four weeks, resulting in the jury verdicts against Appellants. The record that resulted is sizeable and complex, including sixteen days of transcripts and 1,114 admitted trial exhibits.

5.	Further, Appellants have now raised twelve separate issues in their challenges to the district court's rulings. (Dkt. 92 and 93-1.) Those issues relate to the district court's handling of the trial itself, its rulings on Appellants' post-trial motions, and its rulings on Appellees' request to recover the fees and costs. Though Appellees knew their work on this appeal would be substantial, and so previously obtained an additional two weeks to prepare their brief, Appellees now realize that responding to these twelve issues requires even more time and attention than originally anticipated.

6.	In light of the complexity of the record and issues involved in this consolidated appeal, as well as the fact that this affiant has only been recently engaged and was not involved in the trial of this matter, Appellees are concerned that that they will not have sufficient time to adequately complete their response by May 8, 2013, the current due date for their filing.

7.	To allow sufficient time to complete their work, Appellees now propose an extension of the briefing schedule for this appeal that gives them sufficient time to properly complete their work and also considers issues related to the due date for Appellants' reply briefs.

Specifically, lead counsel for the Sass Defendants has already advised the Court that he is going to be out of the country from May 28, 2013 to June 11, 2013.

8. Accordingly, Appellees propose that their brief be due on or before June 3, 2013 and that Appellants' reply briefs be due on or before June 26, 2013. This proposal is made in good faith and recognizes the priority that must be placed on matters before this Court.

9. Additionally, Appellees seek leave to file a brief that is not in excess of 28,000 words. The Court granted Appellants' requests to file briefs not in excess of 14,000 words, thereby giving Appellants a total of 28,000 words. (Dkt. 91.) Appellees intend to file a single brief that responds to all of the issues raised in two briefs filed by Appellants, and now request leave for that single brief not to exceed 28,000 words.

I, Richard J. Prendergast, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 18, 2013

/s/ Richard J. Prendergast